**Isaiivan HUERTA–CASTILLO, a.k.a. Isaiivan Castillo–Huerta, Petitioner,**

**v.**

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

Nos. 10–70729, 10–72764.

United States Court of Appeals, Ninth Circuit.

---

Submitted Sept. 10, 2012.*

Filed Sept. 17, 2012.

Murray David Hilts, Law Offices of Murray D. Hilts, San Diego, CA, for Petitioner.

James A. Hurley, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

### MEMORANDUM **

In these consolidated petitions for review, Isaiivan Huerta–Castillo, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an immigration judge's ("IJ") removal order, and the BIA's order denying his motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion for a continuance, *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir.2009), and the denial of a motion to reopen, *Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir.2010). We deny in part and dismiss in part the petitions for review.

The IJ did not abuse his discretion in concluding that Huerta–Castillo failed to show good cause for a continuance where the documents requiring additional time to review were available at least seven months prior to the hearing. *See* 8 C.F.R.

§ 1003.29 (IJ has authority to grant a continuance upon a showing of good cause); *Ahmed*, 569 F.3d at 1012. It follows that Huerta–Castillo's due process claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000).

We lack jurisdiction to review the agency's discretionary determination that Huerta–Castillo failed to show exceptional and extremely unusual hardship to his qualifying relatives. *See Mendez–Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009). Huerta–Castillo's contention that the agency applied the wrong legal standard is not supported by the record and does not amount to a colorable constitutional or legal challenge. *See id.* at 978–80 (court lacks jurisdiction over abuse of discretion challenges cloaked as constitutional or legal questions).

The BIA did not err in failing to address Huerta–Castillo's arguments regarding continuous physical presence because the BIA's determination that he failed to establish the requisite hardship was dispositive. *See* 8 U.S.C. § 1229b(b)(1).

We lack jurisdiction to review Huerta–Castillo's motion to reopen as it relates to his original three qualifying relatives because it concerns the same basic hardship grounds as his original application for cancellation of removal. *See Fernandez v. Gonzales*, 439 F.3d 592, 601–03 (9th Cir. 2006) (where there has already been an unreviewable discretionary determination this court lacks jurisdiction to review the denial of a motion to reopen proceedings).

To the extent Huerta–Castillo presented non-cumulative evidence of hardship to new qualifying relatives in his motion to reopen, the BIA did not abuse its discretion in denying Huerta–Castillo's motion

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

on the ground that the evidence he submitted was insufficient to establish prima facie eligibility for cancellation of removal. *See Garcia*, 621 F.3d at 912 (prima facie eligibility is demonstrated by a showing that there is a reasonable likelihood that the statutory requirements for relief have been satisfied).

**PETITIONS FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.